**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-2060**

VICTORIEN MANKAH AWANTANG,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  May 4, 2011            Decided:  May 24, 2011

Before KING, GREGORY, and AGEE, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville,
Maryland, for Petitioner.   Tony West, Assistant Attorney
General, Ernesto H. Molina, Jr., Assistant Director, Dana M.
Camilleri, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Victorien Mankah Awantang, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture.

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the [Board]'s interpretation of the [Immigration and Nationality Act] and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Furthermore, "[t]he agency decision that an alien is not eligible for asylum is 'conclusive unless manifestly contrary to

2

the law and an abuse of discretion.'" Marynenka v. Holder, 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2006)).

We have reviewed the evidence of record and conclude that substantial evidence supports the adverse credibility finding. We further conclude that Awantang failed to present sufficient independent evidence of past persecution, notwithstanding the adverse credibility determination, as discussed in Camara v. Ashcroft, 378 F.3d 361, 370 (4th Cir. 2004). We therefore uphold the denial of Awantang's requests for asylum and withholding of removal. See id. at 367 ("Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").[*]

Finally, we find that substantial evidence supports the finding that Awantang failed to meet the standard for relief under the Convention Against Torture. To obtain such relief, an

---

[*] In upholding the denial of relief, we specifically reject Awantang's claim that the agency erred in admitting an investigative report conducted by U.S. State Department Special Agent Miguel A. Eversley, and find that consideration of the report was not fundamentally unfair. See Anim v. Mukasey, 535 F.3d 243, 256 (4th Cir. 2008).

applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2010). We find that Awantang failed to make the requisite showing before the immigration court.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>